JORGE PÉREZ, ET AL., Plaintiffs and Appellants, *v.* CASIMIRO R. CABRANES, Defendant and Appellee.

No. 10946.   Argued February 1, 1954.—Decided January 31, 1955.

*Guillermo Bauzá* for appellants.   *Edelmiro Martínez Rivera* for appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

Plaintiffs and appellants filed an action for damages against defendant and appellee, alleging that the latter was the owner of a platform erected in the public square of Toa Alta, the roof of which collapsed, causing certain damages to plaintiffs and appellants.   The defendant and appellee answered denying that he was the owner of the platform and alleging, on the contrary, that said platform at all times, *and including the day of the alleged accident* was owned by the municipality of Toa Alta and/or the Patronal Festival Committee of said town.   The trial court ordered that the status of defendant as owner be determined first.

The evidence showed that said platform was built by the Entertainment Committee of the Patronal Festivals, with money collected among the residents of Toa Alta and certain construction materials lent by some local merchants; that at the close of the Patronal Festivals the platform was dismantled for removal from the public square; that the removal was begun gradually; that while the platform was still standing, some youths went inside and while there, the roof collapsed, injuring some of the young men assembled there.   The evidence of the plaintiffs and appellants tended

to establish the fact, that at the end of the Patronal Festivals, the platform was acquired by defendant and appellee, who proceeded to dismantle it in order to remove the materials to a property of his own. We have canvassed the evidence introduced by plaintiffs and appellants and we are convinced that the conclusion stated by plaintiffs' witnesses to the effect that the defendant and appellee was the owner of the platform is mainly based on the fact that the defendant and appellee was seen directing the dismantlement of the platform and carrying in his own bus certain construction materials obtained from the demolition thereof. The testimony of the defendant and appellee, supported by the statement of the Mayor of Toa Alta, was to the effect that he was merely a member of the Entertainment Committee, who helped in the collection of funds and in obtaining certain materials lent by local merchants, as well as in erecting the platform for the celebration of the festivals, and at the request of the Entertainment Committee he proceeded to dismantle the platform with the intention of returning to the merchants the material lent by them and of removing the lumber and all the rest of the materials. The testimony of defendant and appellee also established the fact that the carpenters who proceeded to demolish the platform were paid by the Entertainment Committee and not by him, and that although he directed them, they were employed by said Committee. The fact was also established that a bus owned by the defendant and appellee as well as a truck owned by somebody else, were lent in order to return some materials to the local merchants. As to the disposal of the lumber used in the construction of the platform, the plaintiffs and appellants stated that the same belonged to the defendant and appellee; he denied it and the Mayor of Toa Alta stated that "The Committee is the one in charge of returning it to the persons who donate it; because very often the lumber is donated . . . the committees are in charge of all that," (tr. 35).

The trial court made the following finding of fact: "The evidence concerning the question now in issue, and adduced by the plaintiff, has shown that Cabranes took away part of the lumber used in the platform, that he gave the orders and hired carpenters in order to demolish the platform once the Patronal Festivals ended. However, the Court would be stretching its imagination too far if it concluded on that evidence that Cabranes was the owner of the platform the day the plaintiffs were injured. The Mayor of the town has testified that said platform was not owned by Cabranes but by the town of Toa Alta and by the persons who had lent the zinc and the lumber to build it. From the evidence as a whole the Court makes the finding of fact that Cabranes, the defendant, was not the owner of the platform the day of the accident and that therefore he must not be held liable for the injuries received by the plaintiffs. Mr. Cabranes was in nowise negligent."

Having reached said conclusion, it rendered judgment dismissing the complaint. The plaintiffs and appellants appeal from the judgment assigning as sole error that: "The lower court erred in dismissing the complaint, despite the fact that although the theory of 'respondeat superior' issues from its findings, it failed to apply it." From the finding of the trial court which we have previously set forth plaintiffs and appellants extract the following words as being sufficient for the application of "respondeat superior": "the evidence concerning the question now in issue, and adduced by the plaintiff, has shown that Cabranes took away part of the lumber used in the platform, that he gave orders and hired carpenters in order to demolish the platform once the Patronal Festivals ended." Obviously, said statement *in extractus* does not represent the opinion of the trial court, when the above-copied finding of fact is read in its entirety. Furthermore, the evidence believed by the trial court is adverse to the conclusion which counsel for plaintiffs and

appellants makes on his own account. But even then, neither the nature of the representation, nor the terms of the office, nor the rational elements on which the theory of "respondeat superior" could rest, appears from said finding, strictly considered. The plaintiffs and appellants relied on the fact that the defendant and appellee was the owner of the platform, and as such, liable for the hazardous condition of the building, pursuant to § 1807 of the Civil Code of Puerto Rico. They can not complain now if the evidence proved the contrary.

The judgment appealed from will be affirmed.

Mr. Justice Sifre concurs in the result.